BRANT and others vs. SALISBURY.

Where exceptions are taken to the conclusions of *law* only, and not to the facts found by the judge, the finding of facts cannot be reviewed in this court.

APPEAL from the Circuit Court for *Rock* County.

The defendant appealed from a judgment for the plaintiffs.

*Noggle & Castle*, for appellant.

*Todd & Converse*, for respondents.

DIXON, C. J. This cause was tried by the court without a jury, the same having been waived by consent of parties. The exceptions are to the conclusions of law only, and not to the facts found by the judge. The facts found sustain the conclusions of law; and the question is, whether, upon such exceptions, the finding of facts can be reviewed in this court. We are of opinion that it cannot. The statute provides that in cases where any issue of fact is tried by the court, either party, for the purposes of an appeal, may, within ten days, etc., file with the clerk written exceptions to the facts found by the judge who tried the cause, or to his conclusions of law thereon, or both, or to any of them, and may, in case of an appeal or writ of error brought upon the judgment rendered on such decision, incorporate such written exceptions into the bill of exceptions settled in the case. Laws of 1860, ch. 264, § 13. It is obvious from these provisions, that the method of reviewing the finding of facts is by exceptions to the facts found, and that where there are no such exceptions, there can be no review. We cannot, on exceptions to the conclusions of law, go behind the facts found, and examine the testimony to ascertain whether they are correctly found or not. The want of an exception to the facts found is an assent to their correctness; and if the conclusions of law are excepted to, the question to be decided is, whether the facts found sustain them.

*By the Court.* — Judgment affirmed.

COLE, J., did not sit in this case.